# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY STEWART,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>    Defendant. | CASE NO. 13cv3157-LAB (MDD)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Candy Stewart, who is proceeding *pro se*, filed her complaint in this action, along with a motion to proceed *in forma pauperis*. The motion shows she is without funds to pay the filing fee, and is therefore **GRANTED**.

The Court is required to required to screen the complaint of a plaintiff proceeding *in forma pauperis*, and to dismiss it to the extent it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). The Court is also obligated to examine jurisdictional issues, such as standing, regardless of whether either party raises the issue, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

The complaint alleges that Charles Montgomery, who apparently is a police officer, questioned Stewart's son at school about Stewart's possibly having abused him. The complaint says this was done without the school's knowledge, or the presence of either

parent or an attorney. The complaint also alleges that Montgomery followed Steawrt home, encountered her in front of her residence, and tried to question her. She refused, and told him she would not discuss anything without an attorney being present. She seeks $2 million in damages "for him not obeying the law by questioning a chidl without an attorney or his parents."

Police may question children about suspected abuse, even in the absence of parents or an attorney. *See K.D.* ex *rel. Duncan v. White Plains Sch.* Dist., 921 F. Supp. 2d 197, 216 (S.D.N.Y. 2013) (finding "no authority" from any court to support the argument that police may not interview a minor child in connection with an abuse investigation without parental consent). And even assuming that police could not constitutionally do this, Stewart has no standing to seek damages for this violation on her own behalf. In addition, the fact that Montgomery encountered Stewart outside, in front of her residence, and tried to question her, is not actionable. This is particularly true because the complaint makes clear Stewart was free to, and did, refuse to answer. *See Michigan v. Mosley,* 423 U.S. 96, 115 (law enforcement officers must cease questioning when a suspect exercises the right to remain silent); *Davis v. United States*, 512 U.S. 452, 454 (1994) (law enforcement officers cease questioning a suspect who asserts the right to counsel). And although the complaint names the "County of San Diego Social Services" as a Defendant, it makes no allegations against the county or any county entity.

Because it is clear the complaint fails to state a claim, and cannot be successfully amended, it is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED**.

DATED: March 27, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge